**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| FABRIZIO MORELLI, Derivatively on Behalf of COMPASS MINERALS INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>KEVIN S. CRUTCHFIELD, EDWARD C. DOWLING, JR., LORIN CRENSHAW, JENNY HOOD, RICHARD P. DEALY, JON CHISHOLM, JILL GARDINER, GARETH JOYCE, MELISSA M. MILLER, JOSEPH E. REECE, LORI A. WALKER, and SHANE WAGNON,<br><br>Defendants,<br><br>and<br><br>COMPASS MINERALS INTERNATIONAL, INC.,<br><br>Nominal Defendant. | Case No.: 2:24-cv-02496<br><br>Judge: Eric F. Melgren |

**STIPULATION AND JOINT MOTION TO STAY CASE**

Pursuant to Local Rule 7.1, plaintiff Fabrizio Morelli ("Plaintiff"), nominal defendant Compass Minerals International, Inc. ("Compass"), and defendants Kevin S. Crutchfield, Edward C. Dowling, Jr., Lorin Crenshaw, Jenny Hood, Richard P. Dealy, Jon Chisholm, Jill Gardiner, Gareth Joyce, Melissa M. Miller, Jospeh E. Reece, Lori A. Walker, and Shane Wagnon (collectively, "Individual Defendants," and together with Compass, "Defendants," and Defendants together with Plaintiffs, the "Parties"), by and through their undersigned counsel, hereby jointly move the Court for an Order staying the above-captioned derivative action (the "Derivative Action"), except as expressly provided, pending final resolution of the anticipated motion to dismiss in the related securities class action captioned *Valentine v. Compass Minerals International, Inc.,*

*et al.*, Case No. 2:24-cv-02165-EFM-GEB (D. Kan.) (the "Securities Class Action"), including any related appeals.

WHEREAS, on October 30, 2024, Plaintiff filed this Derivative Action purportedly on Compass's behalf, captioned *Morelli v. Crutchfield, et al.*, Case No. 2:24-cv-02496, alleging violations of Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), breach of fiduciary duties, unjust enrichment, abuse of control, gross mismanagement, and waste of corporate assets against the Individual Defendants, as well as contribution under Section 10(b) and 21D of the Exchange Act against Defendants Crutchfield, Dowling, Crenshaw, and Hood (*see* ECF No. 1). In support of this Motion, the Parties stipulate and agree as follows:

1. Individual Defendant Jon Chisholm is in the process of retaining counsel.

2. Counsel for Compass hereby accepts service of the summons and Complaint in this Derivative Action on behalf of Individual Defendants Kevin S. Crutchfield, Edward C. Dowling, Jr., Lorin Crenshaw, Jenny Hood, Richard P. Dealy, Jill Gardiner, Gareth Joyce, Melissa M. Miller, Jospeh E. Reece, Lori A. Walker, and Shane Wagnon, each of whom waive any defense of improper service of process of the summons and Complaint, provided that Defendants do not waive any other defense and reserve their right to raise any other defenses.

3. The allegations in this Derivative Action are related to those in the Securities Class Action, and are based on similar underlying factual allegations.

4. In the interest of judicial economy and preserving the resources of the Parties and the Court, the Parties agree and respectfully submit to the Court that, except as expressly provided below, all proceedings in the Derivative Action should be stayed until (1) the Securities Class Action is dismissed with prejudice; or (2) the anticipated motion to dismiss the Securities Class Action is denied in whole or in part:

a. Compass shall notify Plaintiff within ten days of becoming aware of any derivative action, litigation demand or demand pursuant to 8 *Del. C.* § 220 (“Related Derivative Action” or “Related Demand”) that asserts allegations that are substantially similar to the allegations made in the Derivative Action.

b. Compass shall notify Plaintiff within ten days if a Related Derivative Action is not stayed for the same or longer duration.

c. Notwithstanding the above, if a Related Derivative Action is not stayed for the same or longer duration, either Party may lift the stay in the Derivative Action by providing 14 days’ notice to the other Party’s undersigned counsel by way of email. If such notice is provided, both Parties expressly reserve the right to seek and to oppose a further stay of proceedings.

d. If Compass engages in mediation in the Securities Class Action, and Plaintiff’s claims remain pending at such time, Compass agrees to provide Plaintiff with reasonable advance notice of such mediation and to include Plaintiff in such mediation. In the event parties other than Defendants object to including Plaintiff in such mediation, Compass will engage in mediation with Plaintiff within one month following the conclusion of the mediation in the Securities Class Action, unless the Parties agree otherwise.

e. If Compass engages in mediation in any Related Derivative Action, and Plaintiff’s claims remain pending at such time, Compass agrees to include Plaintiff in the same.

f. During the pendency of the stay, Compass shall, subject to entry of a suitable protective order, provide Plaintiff with any internal corporate documents that

have been provided to shareholders pursuant to a demand to inspect books and records pursuant to 8 Del. C. § 220 (Section 220) and are referenced in the complaint of any Related Derivative Action.

5. The requested stay is made for good cause to allow for the orderly and efficient administration of matters.

6. The Parties have conferred and agreed to the requested stay.

7. The Parties agree that nothing herein shall constate a waiver or abrogation, or in any other manner prejudice, any arguments that might be raised by Plaintiff, or any defenses or arguments that might be raised by Defendants.

8. The Parties hereby respectfully request that the Court enter an Order staying this Derivative Action until (1) the Securities Class Action is dismissed with prejudice; or (2) the anticipated motion to dismiss the Securities Class Action is denied in whole or in part, except as expressly provided above. Courts in this District have stayed derivative cases pending the resolution of a motion to dismiss in a related securities class action. *See Stein v. Crutchfield, et al.*, Case No. 2:23-cv-02038-JWB-ADM (D. Kan.), Dkt. Nos. 9, 17.

9. During the pendency of the stay of this Derivative Action, Plaintiff may file an amended complaint. Defendants may choose to respond to such amended complaint during the pendency of the stay but shall be under no obligation to do so.

10. Notwithstanding the stay of this Derivative Action, the Parties shall meet and confer regarding consolidation of any shareholder derivative action filed in, removed to, or transferred to this Court that any Party determines is related to this action. Either Party may file a motion to consolidate a derivative related action, and Plaintiff may file a motion to appoint lead counsel and

for leave to file a consolidated amended complaint, and such motion or motions may be ruled on by the Court.

11. All proceedings in this Derivative Action, including all deadlines, hearings and conferences, will be stayed according to the terms of and during the pendency of the stay.

12. Upon lifting the stay of the Derivative Action, the Parties shall meet and confer, and within fourteen (14) days, submit a proposal or proposals to the Court concerning the orderly management of the Derivative Action.

13. None of the foregoing shall prejudice the Parties from agreeing to a further stay or any Party from moving for or opposing a further Order staying all proceedings in the Derivative Action upon the lifting of the stay under the conditions set forth above.

NOW, THEREFORE, the Parties respectfully request that the Court enter an Order staying all proceedings in the Derivative Action pursuant to the terms agreed to and proposed by the Parties herein.

Dated: December 5, 2024.

Respectfully submitted,


**WALTERS, RENWICK, RICHARDS SKEENS & VAUGHAN, P.C.**

*/s/ Karen Wedel Renwick*

Karen Wedel Renwick (D. Kan No. 12095)
R. Frederick Walters (Bar No. 70561)
1100 Main Street, Suite 2500
Kansas City, MO 64105
Telephone: (816) 421 -6620
Facsimile: (816) 421-4747
E-mail: krenwick@wrrsvlaw.com
Email: fwalters@wrrsvlaw.com

***Counsel for Plaintiff Fabrizio Morelli***

**THE BROWN LAW FIRM, P.C.**
Timothy Brown (*pro hac vice*)
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

***Counsel for Plaintiff Fabrizio Morelli***

**HUSCH BLACKWELL LLP**

*/s/ Sara A. Fevurly*

Sara A. Fevurly (Bar No. 27537)
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
Email: sara.fevurly@huschblackwell.com

**HUSCH BLACKWELL LLP**
Catherine L. Hanaway (*pro hac vice pending*)
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1505
catherine.hanaway@huschblackwell.com

**SKADDEN, ARPS, SLATE,**
**MEAGHER & FLOM, LLP**
Jay B. Kasner (*pro hac vice pending*)
Susan L. Saltzstein (*pro hac vice pending*)
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
Email: jay.kasner@skadden.com
Email: susan.saltzstein@skadden.com

***Counsel for Nominal Defendant Compass Mineral International, Inc. and Defendants Kevin S. Crutchfield, Edward C. Dowling, Jr., Lorin Crenshaw, Jenny Hood, Richard P. Dealy, Jill Gardiner, Gareth Joyce, Melissa M. Miller, Jospeh E. Reece, Lori A. Walker, and Shane Wagnon***

**IT IS SO ORDERED** this ____ day of December, 2024.

___________________________________
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE