IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FABRIZIO MORELLI, Derivatively on Behalf of COMPASS MINERALS, INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> KEVIN S. CRUTCHFIELD, et al., <br><br> Defendants, <br><br> and <br><br> COMPASS MINERALS INTERNATIONAL, INC., <br><br> Nominal Defendant. | Case No. 24-cv-2496-EFM-ADM |
| GEORGE ASSAD, Derivatively on Behalf of Nominal Defendant COMPASS MINERALS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> KEVIN S. CRUTCHFIELD, et al., <br><br> Defendants, <br><br> and <br><br> COMPASS MINERALS INTERNATIONAL, INC., <br><br> Nominal Defendant. | Case No. 25-cv-2186-EFM-ADM |

1

**<u>ORDER</u>**

This matter comes before the court on the parties' Joint Motion to Consolidate Related Derivative Actions and Appoint Lead Counsel for Plaintiffs. (ECF 23 in Case No. 24-2496; ECF 19 in Case No. 25-2186.) By way of this motion, the parties ask the court to consolidate the above-captioned cases, both of which are shareholder-derivative actions brought on behalf of nominal defendant Compass Minerals International Inc. ("Compass Minerals"). Plaintiffs further ask the court to appoint lead and liaison counsel. For the reasons explained below, the court partially grants the request to consolidate and denies without prejudice the request to appoint lead and liaison counsel.

**I.      CONSOLIDATION**

A court may consolidate actions if they involve a "common question of law or fact." FED. R. CIV. P. 42(a)(2). The decision whether to consolidate such actions is left to the trial court's sound discretion. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The court should consider whether judicial efficiency is best served by consolidation. *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008). "The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause." *Id.* Courts also consider (1) whether the relief sought varies substantially between the two actions; (2) whether defendants are being sued in different capacities; and (3) what would be gained by consolidation and what injury would be suffered by failure to consolidate. *Shump*, 574 F.3d at 1344.

The court finds that consolidation of the cases is appropriate for discovery purposes. Both actions are shareholder-derivative suits asserted on behalf of nominal defendant Compass Minerals against various Compass Minerals current and former board members and executive officers ("the

2

individual defendants"). Although the individual defendants do not align exactly, there is significant overlap between the cases. Both cases allege the individual defendants—certain officers and directors of Compass Minerals—breached their fiduciary duties, and otherwise violated the law, by making or allowing the dissemination of materially false and misleading statements concerning the effectiveness of the company's magnesium-chloride-based aerial fire retardants and the company's contracts with customers related to the same. Both assert violations of various provisions of federal securities law and related claims, including breach of fiduciary duty. Consolidation would promote judicial economy by eliminating duplication in discovery, particularly depositions, because witnesses in both cases may significantly overlap. Because both cases have some common questions of law and involve an overlapping set of operative facts, and because consolidation would conserve the parties' resources and promote judicial economy, consolidation of these actions under Rule 42(a)(2) for purposes of discovery is warranted. All parties to the actions have agreed to consolidation.

The parties' joint motion for consolidation is therefore granted for the purposes of the discovery phase of the actions. To the extent the motion seeks consolidation for trial, it is denied without prejudice at premature. The court will revisit the issue of consolidation for trial in connection with preparation of the pretrial orders.

*Morelli v. Crutchfield* is designated as the lead case. All future non-dispositive filings in the consolidated action should be made only in Case No. 24-2496-EFM-ADM, double-captioned as set forth above, unless a filing concerns a matter unique to only one of the cases.

II. **APPOINTMENT OF COUNSEL**

The court has discretion to appoint lead counsel in consolidated derivative actions. *See Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB, 2013 WL 792642, at *6 (N.D. Cal. Mar. 4,

2013); *Freeman ex rel. Tesla, Inc. v. Musk,* 324 F.R.D. 73, 87–88 (D. Del. 2018); 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2385 (3d ed. 2008). The court is not convinced that the appointment of lead and/or liaison counsel is necessary or useful as the actions now stand. The proposed counsel already are counsel of record in the two respective cases. The parties may renew their motion at a later juncture if and when they believe that a structure for counsel different than what is already reflected on the docket is warranted. The request to appoint counsel is therefore denied without prejudice.

### III.   PLEADING AND MOTION DEADLINES

The parties state they are exploring whether settlement may be feasible and move the court to set certain deadlines that they suggest might facilitate that outcome but also move the cases forward. The court grants the parties request and sets the following deadlines: (1) by **June 30, 2025,** plaintiffs shall file a consolidated complaint; (2) by **July 28, 2025**, defendants shall answer, move to dismiss, or otherwise respond to the consolidated complaint; (3) in the event defendants move to dismiss the consolidated complaint, plaintiffs shall file their opposition brief within **21 days** of the filing of the opening brief; and (4) defendants shall file their reply brief within **14 days** thereafter. Each of the above filings should be made in both of the individual actions.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion to Consolidate Related Derivative Actions and Appoint Lead Counsel for Plaintiffs (ECF 23 in Case No. 24-2496; ECF 19 in Case No. 25-2186) is granted in part and denied in part as set forth above.

**IT IS FURTHER ORDERED** that *Morelli v. Crutchfield*, Case No. 24-2496-EFM-ADM, and *Assad v. Crutchfield,* Case No. 25-2186-EFM-ADM, are hereby consolidated for purposes of discovery. The lower-numbered case, *Morelli*, is designated as the lead case. Unless a filing

concerns a matter unique to only one of the cases, all future **non-dispositive** filings in the consolidated action are to be made **only** in the lead case until further order.

**IT IS FURTHER ORDERED** that the above-set pleading and motion deadlines shall apply in the consolidated actions.

Dated June 3, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge